IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARRIET TUBMAN**
**FREEDOM FIGHTERS CORP**
**and HEAD COUNT INC,**

    *Plaintiffs*,

v.                                                                                       Case No.: 4:21cv242-MW/MAF

**LAUREL LEE and**
**ASHLEY MOODY,**

    *Defendants*.

_____/

## ORDER GRANTING MOTION TO INTERVENE

This Court has considered, without hearing, the Republican National Committee and National Republican Senatorial Committee's ("Proposed Intervenors") Motion to Intervene. ECF No. 15. Plaintiffs oppose the intervention. ECF No. 33. For the reasons provided below, the motion is **GRANTED**.

A court must allow a party to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24 (a)(2). The Eleventh Circuit has translated the rule into a four-factor requirement—(1) the application must be timely, (2) the

proposed intervenors must have an "interest relating to the property or transaction which is the subject of the action," (3) the proposed intervenors must be "so situated that the disposition of the action, as a practical matter, may impede [their] ability to protect that interest"; and (4) their interest must be "represented inadequately by the existing parties to the suit." *Stones v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (citations omitted).

The Proposed Intervenors assert they have an interest in ensuring that Plaintiffs do not "upend Florida's duly enacted rules." ECF No. 16 at 4. As this Court previously recognized, while the Proposed Intervenors' claim that Defendants cannot adequately represent their interest in ensuring that Florida's laws are not upended is suspect, this Court need not decide whether Proposed Intervenors can intervene as of right. *See League of Women Voters of Fla., Inc. v. Lee*, No. 4:21cv186-MW/MAF, ECF No. 72 at 3 (citing *League of Women Voters of Fla. v. Detzner*, 283 F.R.D. 687, 688 (N.D. Fla. 2012)).

This is so because a district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny such permissive joinders. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)).

This Court exercises its discretion in granting Proposed Intervenors' motion. In doing so, this Court "consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Though this case may be narrower than the other consolidated cases, this distinction is not meaningful. This Court's observation that any delay will be limited because there is usually a significant overlap between the arguments made by the Secretary of State and these Proposed Intervenors remains true.

But even if adding additional defendants creates some delay, as this Court recognized in *Jacobson v. Detzner*, that delay is marginal when compared to the risk that "denying Proposed Intervenors' motion [will] open[] the door to delaying the adjudication of this case's merits for months—if not longer"—while Proposed Intervenors appeal this Court's decision. Case No. 4:18cv262-MW/CAS, 2018 WL 10509488, at *1 (N.D. Fla. July 1, 2018). Plaintiffs recognize this concern, though perhaps in more inflammatory terms. ECF No. 33 at 7. But they have not alleviated it.

Instead, they offer the same arguments made by the plaintiffs in the other consolidated cases. *Compare* ECF No. 33 at 22–24 (arguing that intervention will cause delay and that Proposed Intervenors can participate as *amicus curiae*) *with League of Women Voters*, ECF No. 65 (same). Again, the people of Florida are better

3

served by deciding this case sooner rather than later. As such, this Court will not open the door to such an unnecessary delay.

**SO ORDERED on July 6, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
