IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,

    *Plaintiffs*,

v.                                                                  Case No.:  4:21cv186-MW/MAF
                                                                         4:21cv187-MW/MAF
LAUREL M. LEE, in her official                        4:21cv201-MW/MJF
capacity as Florida Secretary of                      4:21cv242-MW/MAF
State, et al.,

    *Defendants*,

and

NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,

    *Intervenor-Defendants.*
_____/

**ORDER ON MOTION FOR PROTECTIVE ORDER**

Defendant Lee asks this Court to enter a protective order relieving her from her obligation to respond to Plaintiffs' requests for admissions. ECF No. 276. First, she had argued that Plaintiffs' requests were untimely. Defendant Moody and Intervenor-Defendants joined in that argument. Because Defendant Lee based her untimeliness argument on an erroneous reading of this Court's scheduling orders, this Court denied her motion in part and ordered Plaintiffs to file an expedited

response to her second argument.[1] ECF No. 280. That argument, in which the other Defendants do not join, is that Plaintiffs' requests for admission are unduly burdensome, and are not proportional to the needs of this case.

"For more than three centuries it has now been recognized as a fundamental maxim that the public . . . has a right to every man's evidence." *United States v. Bryan*, 339 U.S. 323, 331 (1950).[2] Following this maxim, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

But, as this Court recently recognized, discovery has limits. Rule 26(c) allows "[a] party or . . . person from whom discovery is sought [to] move for a protective order," Fed. R. Civ. P. 26(c)(1), which this Court may grant if the moving party establishes good cause, *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1249 (11th Cir. 2020). Ordinarily, that means the party seeking a protective order bears the burden to show "specific prejudice or harm will result if" this Court does not issue

---

[1] Plaintiffs filed their expedited response in Case No. 4:21cv201. As this is a discovery dispute, Plaintiffs should have filed it in Case No. 4:21cv186. *See* ECF No. 92 at 2 (explaining that "discovery motions . . . should be filed only in the parent case"). At any rate, to alleviate any confusion, this Court makes clear that—with the exception of citations to Plaintiffs' response— citations to docket entry numbers refer to the docket in Case No. 4:21cv186. Any references to "this case" refer to Case No. 4:21cv201, the subject of Defendant Lee's motion.

[2] Requests for admission, which are at issue here, are really meant to reduce the need for such evidence. 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994) (explaining that requests for admission are designed "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial"). At any rate, Defendant Lee has strenuously argued that requests for admission *are* discovery. *See* ECF No. 276 at 5–6.

a protective order. *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020). And "the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.' " *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Here, Defendant Lee seeks relief from requests for admission, which are governed by Federal Rule of Civil Procedure 36. It provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to either "facts, the application of law to fact, . . . opinions about either," or "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)–(B). Rule 36 also allows a wide variety of responses. The responding party can admit, in which case the matter is "conclusively established." Fed. R. Civ. P. 36(b). But the party can also deny, deny in part and admit in part, or—provided the party "states that it has made reasonable inquiry"—"assert lack of knowledge or information as a reason for failing to admit or deny." Fed. R. Civ. P. 36(a)(4).

Defendant Lee's primary argument is that Plaintiffs' requests are too voluminous. *See* ECF No. 276 at 8 (noting that "Plaintiffs' Requests for Admission to the Secretary span *131 pages and 483 separate requests*" (emphasis in original)). But as she acknowledges, volume alone cannot justify a protective order. "Rather,

the volume of requests must be burdensome in light of the case's particular needs and circumstances to warrant a protective order." *Roland Corp. v. inMusicBrands, Inc.*, Case No. 17-cv-22405, 2019 U.S. Dist. LEXIS 163031, at *4–5 (S.D. Fla. Sept. 24, 2019). *Compare JCW Software, LLC v. Embroidme.com, Inc.*, No. 10-80472-CIV, 2011 WL 2149062, at *1 (S.D. Fla. May 31, 2011) (finding 3,807 requests for admission not proportional to needs of case) *with Layne Christensen Co. v. Purolite Co.*, No. CIV.A. 09-2381, 2011 WL 381611, at *6 (D. Kan. Jan. 25, 2011) (finding 606 requests for admission proportional to needs of case).

Defendant Lee claims that "while the rights allegedly implicated [in this case] are of course important," this case is not so complicated as to justify 483 separate requests for admission. ECF No. 276 at 9. Not so. At last count, dozens upon dozens of lawyers have entered an appearance in this case. There are eight Plaintiffs, 68 Defendants, and two Intervenor-Defendants. Plaintiffs' Amended Complaint is 121 pages long and raises eight claims. This Court's order on Defendant Lee's motion to dismiss alone was 60 pages long. Plus, Defendant Lee and the Intervenor-Defendants themselves have allegedly served 352 interrogatories and 212 requests for production. ECF No. 216 at 4.[3] In addition, this case is consolidated, for

---

[3] According to Plaintiffs, Defendant Lee and the Intervenor-Defendants served more than half of their discovery requests less than 75 days before the close of discovery. ECF No. 216 at 4. If that is indeed the case, Defendants represented to this Court that Plaintiffs' requests were untimely while at the same time serving the vast majority of their discovery requests after what they contended was the deadline to serve discovery. By any measure, that is pretty bad. This Court would remind defense counsel of the prohibition on engaging in conduct that "multiplies the

4

discovery purposes, with three other equally complex cases. And finally, the stakes are much higher than Defendant Lee suggests. "It is beyond cavil that voting is of the most fundamental significance under our constitutional structure." *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1315 (11th Cir. 2019) (cleaned up). Simply put, this is not a mine-run case; if any case justifies voluminous requests for admissions, this is it.

Most of Defendant Lee's other arguments, which she makes only in passing, also come up short.[4] Defendant Lee provides the declaration of the Director of the Florida Division of Elections, Maria Matthews. ECF No. 276-11. In her declaration, Matthews complains that Plaintiffs' requests "ask the Secretary to admit to information that is in the possession of the various Supervisors of Elections referenced within the Requests themselves," "ask the Secretary to admit to the hypothetical actions of the Supervisors of Elections," or "ask the Secretary to admit to information that is in the possession of other parties or in the public domain that would require extensive research on the part of the office of the Secretary to attempt to answer." *Id.* ¶¶ 5–6. Matthews also states that requests 93, 213, 220, and 440 call

---

proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927, and encourages them to engage in some serious, self-critical analysis.

[4] The only requests for which Defendant Lee comes close to identifying a specific issue are 42–43; 47–72; 74–89, 91–109, 110–118, 122–123, 125–270, 273–414, 419–424, 437–483, 454, and 472. *See* ECF No. 276 at 8–9; ECF No. 276-11 ¶¶ 5–8. As to the remaining requests, Defendant Lee's arguments are the type of "stereotyped and conclusory statements" that fall short of establishing a basis for a protective order. *Ekokotu*, 408 F. App'x at 336 (quotation omitted).

5

for conclusions of law and complains that others "seek admission of alleged historical facts or statements." *Id.* ¶¶ 7–8. Defendant Lee summarily repeats some of these complaints in her motion. *See* ECF No. 276 at 8.

     First, the fact that information relevant to Plaintiffs' requests is " 'equally available' to plaintiffs or [can be] derived from public records. . . . misses the point of requests for admission." *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 45 (D. Conn. 2004). Requests for admission are designed to narrow the issues at trial, *not* to discover information in the first instance. Thus, it does not matter that Plaintiffs could just as easily obtain information relevant to their requests for admission from another source. The question is whether Defendant Lee denies the veracity of that information.

     Second, while Defendant Lee is correct that "requests for admission cannot seek a statement or opinion regarding a question of law," with the exception of request 93, Plaintiffs' requests do not call for conclusions of law. *Roland Corp*, 2019 U.S. Dist. LEXIS 163031, at *6–7. Request 93 asks Defendant Lee to admit "SB 90 does not require Supervisors of Election to monitor vote-by-mail ballots that can be returned by the post office or a mailbox." ECF No. 216-5 at 23. This Court agrees

6

that this calls for a conclusion of law.[5] Accordingly, Defendant Lee's motion is **GRANTED in part** as to this request.

But request 213—which asks Defendant Lee to admit that "[i]n *Florida v. United States* decision reviewing HB 1355, the court found that 'minority voters disproportionately use early in-person voting, and therefore will be disproportionately affected by the changes in early voting procedures' "—request 220—which asks Defendant Lee to admit that "[t]here is no federal court order that requires a third-party voter registration organization to turn in a voter registration application in 48 hours"—and request 440—which appears to be identical to request 213—do not call for legal conclusions.

A request for admission does not call for a legal conclusion just because it is tangentially related to the law. Asking, for example, whether a court order exists is a question of fact; either the order exists, or it does not. If Defendant Lee agrees that the order Plaintiffs reference exists but thinks Plaintiffs are mischaracterizing what it says, she can admit in part and deny in part. *See* Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

---

[5] In their response, Plaintiffs allege that Defendant Lee "has issued guidance on SB 90" that does not indicate that the "Supervisors have an obligation to station personnel or otherwise supervise mail boxes." ECF No. 216 at 22. In contrast to the request Plaintiffs served, a request for admission targeted at the same issue, but that would not call for a legal conclusion, would be "admit that the Secretary has taken the position that SB 90 does not require Supervisors to station personnel or otherwise supervise mail boxes."

Finally, none of the other issues raised in Matthew's declaration or Defendant Lee's motion merit a protective order. There is, for example, no prohibition on asking a party to admit "historical facts," especially when such facts are relevant to the case. *See Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1322 (11th Cir. 2021) (explaining that historical background is a relevant factor to consider when weighing a claim that a legislature passed a law with discriminatory intent).

The bottom line is this, as to all requests except request 93, Defendant Lee must either (1) admit, (2) deny, (3) admit in part and deny in part, or (4) plead ignorance (*provided* she has made a reasonable inquiry to verify whether the information asserted in the request is in fact true or false[6]). For the reasons summarized above, Defendant Lee's motion for a protective order, ECF No. 276, is **DENIED in part** as to all requests except request 93 and **GRANTED in part** as to request 93.

**SO ORDERED on October 22, 2021.**

                                                 s/Mark E. Walker        
                                                 **Chief United States District Judge**

---

[6] A "reasonable inquiry includes an investigation and inquiry of employees, agents, and others who . . . may have information which may lead to or furnish the necessary and appropriate response. The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties, but not strangers." *Belle Haven Club*, 223 F.R.D. at 44.