UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| HARRIET TUBMAN FREEDOM FIGHTERS, CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>CORD BYRD, in his official capacity as Florida Secretary of State, et al.,<br><br>*Defendants*,<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, and NATIONAL REPUBLICAN SENATORIAL COMMITTEE,<br><br>*Intervenor-Defendants*. | Case No.: 4:21-cv-242-MW/MAF<br><br>Consolidated for trial with<br>Case Nos. 4:21-cv-186, 4:21-cv-187, and 4:21-cv-201 |

*PLAINTIFF HARRIET TUBMAN FREEDOM FIGHTERS'* **REPLY IN SUPPORT OF ITS MOTION FOR DETERMINATION OF THE <u>AMOUNT OF ATTORNEYS' FEES</u>**

The only issue currently before this court is determination of the amount of attorney fees; the court has already decided Plaintiff Harriet Tubman Freedom Fighters ("HTFF") is entitled to an award of its reasonable attorneys' fees and costs. ECF No. 327. And while Defendants argue for a sixty-five-percent reduction in fees, they seek to exclude legitimate and already-reduced time spent litigating this case,

1

without identifying specific time entries to justify such a sweeping reduction.

None of Defendants' objections support any reduction in Plaintiff's lodestar, let alone one of the magnitude Defendants seek. The Court should reject these arguments and award HTFF the full amount of fees sought, which it has already voluntarily reduced to eliminate duplication, time spent on unsuccessful claims, and non-essential time.

**I.   The Claimed Hours are Reasonable in the Context of this Matter and the Billing Judgment Already Exercised.**

**A.   Plaintiff's Use of Multiple Attorneys is Common and Not Unreasonable.**

Defendants place significant emphasis on the number of attorneys who worked on the matter, but fail to note that after billing judgment, HTFF seeks recovery for only nine attorneys for more than 50 hours and only five attorneys for more than 100 hours. *See* Motion, ECF No. 332 at 21. Defendants also fail to identify with any specificity time entries they claim are duplicative, *see Dillard v. City of Foley*, 995 F. Supp. 1358, 1371 (M.D. Ala. 1998) (court did not reduce fee award where entries were sufficiently specific and entries evidenced "no…sloppiness or intentional overreaching"), and they disregard the complexity of First Amendment litigation, *see Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 218 (3d Cir. 2001) (Rendell, J., concurring) ("there are no easy ways in the complex area of First Amendment jurisprudence").

2

Most importantly, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) *citing Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir.1983), *cert. denied*, 464 U.S. 994. Plaintiff's Motion and accompanying declarations, which reflect that HTFF already reduced their hours expressly to avoid duplication, meet their burden "'of showing that the time spent by [multiple] attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation.'" *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-80918-CIV, 2011 WL 13108095 (S.D. Fla. Apr. 7, 2011), *report and rec. adopted*, No. 09-80918-CIV, 2011 WL 13108071 (S.D. Fla. Sept. 19, 2011), *quoting ACLU of Ga. v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999).

**B.    HTFF's Time Expended Was Reasonable.**

Defendants criticize the limited role that HTFF's counsel played at trial without acknowledging that HTFF already reduced its claimed trial time on the basis of the scope of their work at trial, and of course, do not claim time for work performed by other counsel. Indeed, as explained in their opening Motion, consolidated plaintiffs endeavored to prepare for trial by dividing up roles among counsel to reduce the

time needed to review exhibits and other materials by more experienced (and thus more expensive) counsel. *E.g.*, ECF No. 332 at 12.

Though Defendants criticize the factual development in this case, they fail to acknowledge that HTFF tried to resolve the matter through summary judgment; however, the court determined factual disputes remained and required a trial. ECF No. 245; *see also* ECF No. 332 at 4-5. HTFF should not be punished by the zealous preparation of their counsel for trial. Similarly, Defendants assert that only a few witnesses were relevant to Plaintiff's claims, but HTFF was entitled to—and did—build a complete record rather than relying solely on its own party witness.

### C. Plaintiff's Degree of Success Warrants Full Recovery.

Contrary to Defendants' contention and as discussed in HTFF's Motion, HTFF won substantial relief—an injunction of the challenged provision—and should not have its attorneys' fees reduced "simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *see* ECF No. 332 at 9-15. And HTFF made every effort to reduce their claimed time to account for time spent by counsel on unsuccessful matters, ECF No. 332 at 11.

To the extent that *Villano v. City of Boynton Beach*, cited by Defendants, is relevant, *Villano* supports HTFF's position. First, *Villano* concerned a case where plaintiffs sought and received monetary damages from a jury. 254 F.3d 1302, 1307 (11th Cir. 2001). The Eleventh Circuit determined that the district court erred in

relying only on the monetary damages in determining the degree of success, and remanded for broader consideration of the broader public benefit achieved by the plaintiffs, noting, "[p]ublic benefit is a distinct measure of success in civil rights actions and was a central aim of Appellant's litigation." *Id.* Further, *Villano* recognizes that "actual success" can "constitute[] an excellent result, notwithstanding the fact that some claims were severed or dismissed." *Id.* at 1308. Here, after concluding the Disclaimer Provision was compelled speech in violation of the First Amendment, this Court declined to rule on the other claims, rather than dismissing them. The result was complete success in challenging the disclaimer.

## II.  Plaintiff's Claimed Hourly Rates are Reasonable in the Context of this Matter.

As explained by HTFF's expert, Benjamin J. Stevenson, who has extensive experience in federal civil rights litigation and fee recovery, HTFF's requested rates are reasonable because they account for the contingent nature of payment in First Amendment cases. ECF No. 332 at 19; ECF No. 332-4 ¶ 13; *see also Hightower v. Waste Pro of Fla., Inc.*, No. 4:22CV76-MW/MAF, 2022 WL 22805156 (N.D. Fla. Sept. 23, 2022) (awarding rates in FLSA case from $300 to $600 per hour for attorneys and $175 per hour for a paralegal). Moreover, under Defendants' theory, the rates requested by plaintiffs and granted in *Austin v. University of Florida Board of Trustees*, 1:21-cv-184, 2023 WL 7932477 (N.D. Fla. Nov. 9, 2023), are a ceiling for fee recovery in a civil rights matter; however, reasonableness must account for

5

changes over time and is in the sound discretion of the trial court. *See, e.g.*, *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) ("It is central to the awarding of attorney's fees under § 1988 that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case.").

## CONCLUSION

In closing, the complexity of the factual and legal issues in this case, coupled with the extensive record, highlights the significant efforts undertaken by Plaintiff's attorneys. As the Eleventh Circuit has recognized, Plaintiff "benefitted the public interest by vindicating [its] constitutional rights." *Villano*, 254 F.3d at 1306 (internal citations omitted). For these reasons, and those outlined in Plaintiff's Motion, Plaintiff respectfully requests that its Motion be granted.


Dated: November 26, 2024                    Respectfully submitted,

*/s/ Michelle E. Kanter Cohen*
Michelle E. Kanter Cohen\*
Jon Sherman\*
Fair Elections Center
1825 K Street NW, Suite 701
Washington, DC 20006
Main: (202) 331-0114
mkantercohen@fairelectionscenter.org
jsherman@fairelectionscenter.org

*/s/ Matletha Bennette*
Matletha Bennette (Fla. Bar No. 1003257)
Southern Poverty Law Center
P.O. Box 10788
Tallahassee, FL 32302-2788
matletha.bennette@splcenter.org

Bradley E. Heard*
Avner Shapiro*
Southern Poverty Law Center
150 E Ponce De Leon Ave, Ste 340
Decatur, GA 30030-2553
bradley.heard@splcenter.org
avner.shapiro@splcenter.org

Debra A. Dandeneau (Fla. Bar No. 0978360)
William H. Devaney*
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626-4100
debra.dandeneau@bakermckenzie.com
william.devaney@bakermckenzie.com

*Attorneys for Plaintiff*
*Admitted Pro Hac Vice

## CERTIFICATE OF COMPLIANCE

Pursuant to N.D. Fla. Loc. R. 7.1(F) and (I), undersigned counsel certifies that this reply contains 1,166 words, excluding the case style, conferral certification, and certificate of service.

/s/ Michelle E. Kanter Cohen
Michelle E. Kanter Cohen

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive notifications.

/s/ Michelle E. Kanter Cohen
Michelle E. Kanter Cohen

*Counsel for Plaintiff*