IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRIET TUBMAN
FREEDOM FIGHTERS CORP.,

     **_Plaintiff,_**

v.                                 **Case No.: 4:21cv242-MW/MAF**

**CORD BYRD, et al.,**

     **_Defendants._**

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO DETERMINE FEE AMOUNT

This Court has considered, without hearing, Plaintiff's motion to determine the amount of attorneys' fees, ECF No. 332, Defendant Byrd's response, ECF No. 337, Plaintiff's reply, ECF No. 341, and all attachments. For the reasons set out below, Plaintiff's motion is **GRANTED in part and DENIED in part**.

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. _Norman v. Hous. Auth. of City of Montgomery_, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. _Id._ Where the time or fees claimed seem excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." _Id._ at 1303. The burden of establishing

that the fee request is reasonable rests with the fee applicant, who must "submit evidence regarding the number of hours expended and the hourly rate claimed." *U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-CV-93, 2007 WL 1601747, at *3 (M.D. Fla. June 1, 2007). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

This Court begins with an analysis of the hourly rates Plaintiff's attorneys seek. This Court then considers whether Plaintiff's submissions demonstrate that the number of hours claimed are reasonable. Finally, this Court considers whether the results in the case warrant adjustment of the lodestar figure.

## A. Reasonable Hourly Rates

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015) (quoting *Norman*, 836 F.2d at 1299). "The party seeking attorney's fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." *Id.* In establishing a reasonable hourly rate, the court may "rely on its

2

own expertise and where appropriate" and may also consider certain case-specific factors.[1] *Id.*

Here, Tallahassee represents the relevant legal market for purposes of this analysis. Plaintiffs seek hourly rates ranging from $125.00 an hour for paralegals to $700.00 an hour for senior counsel with over twenty-five years of experience. *See* ECF No. 332 at 17. Plaintiff also submitted a declaration from its attorneys' fee expert, Benjamin Stevenson. ECF No. 332-4. Mr. Stevenson's declaration opines that, based on his expertise and his review of the case, the hourly rates that Plaintiff seeks are reasonable, notwithstanding his opinion that the Tallahassee market generally supports lower rates of $275.00 to $500.00 an hour. *Id.*at 5.

In turn, Defendant asserts the hourly rates are too high. ECF No. 337 at 4. Defendant contends that experienced attorneys in civil-rights cases typically charge a rate of $400-450 an hour and less experienced attorneys charge closer to $250-350 an hour, but here, attorneys with three years' experience are seeking $400 an hour and the most experienced counsel is seeking to recover $700 an hour. Defendant also

---

[1] "These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Maner*, 602 F. App'x at 492 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)).

3

points to his expert's report, which opines that prevailing rates in Tallahassee generally range from $250.00 and $450.00 an hour, and that he respectfully disagrees with Mr. Stevenson's opinion that the nature of this case would require departing from the prevailing market rates. *See* ECF No. 337-1 at 7–8.

This Court is not convinced by either expert's rationale. Mr. Stevenson's opinion supporting the reasonableness of Plaintiff's admittedly higher-than-normal rates focuses squarely on the risk associated with undertaking a First Amendment case, which Mr. Stevenson argues should drive the standard defense-side rate up. ECF No. 332-4 at 5. And Mr. Stevenson asserts Plaintiff's requested rates "are in line with the prevailing market for legal services for the complexity reflected in the issues of their requested hourly rates." *Id*. At 4–5.

But this Court is not persuaded that the issues upon which Plaintiff ultimately prevailed were risky, nor were they particularly novel or complex—the prevailing compelled speech claim involved a relatively straightforward legal question that required little factual development. Mr. Stevenson's opinion would carry more weight had Plaintiff pressed and ultimately prevailed upon a riskier claim, such as the *Arlington Heights* claim brought in a parallel action that was consolidated with this case. But here, Plaintiff prevailed upon a straightforward First Amendment claim that was neither particularly risky nor complex.

Likewise, this Court is not moved by the defense expert's opinion that would essentially cap attorneys' fees for the most senior and well-respected attorneys at $450 an hour, regardless of the issues involved and the attorney's reputation, experience, and skill. ECF No. 337-1 at 6 (noting that "[w]hile there may be outliers . . . the prevailing rates for attorneys in this market generally range between $250.00 and $450.00 per hour, based upon experience."). Indeed, the defense expert's analysis of the reasonableness of the requested rates focuses entirely on a purported generalized range of the prevailing rates that attorneys in Tallahassee charge. In so doing, Defendant commits a similar error as Plaintiff—focusing on one consideration to the exclusion of all others, the suggested analysis is wholly disconnected from the multiple factors this Court must consider to determine whether the requested rates are reasonable for this specific case.

In addition, the defense expert's emphasis on the agreed-upon rates in two related cases that were consolidated with this case is misplaced. *See* ECF No. 337-1 at 6–7 ("I found it noteworthy that the Plaintiffs in two of the companion cases voluntarily elected to seek hourly rates in the range I have suggested—even for attorneys from large firms in major metropolitan areas—precisely because the typical hourly rates charged by their attorneys exceeded the prevailing market rate here."). The fact that a prevailing party may stipulate to lower hourly rates—possibly to avoid litigation over the reasonableness of such rates—does not dictate the

outcome in other cases where attorneys may seek higher, but still reasonable, hourly rates for the same sort of case in the same market. Moreover, notwithstanding the defense expert's generalizations, based on this Court's own expertise, the purported range largely understates the prevailing rates that attorneys charge in the Tallahassee market.

Accordingly, this Court rejects Defendant's argument that Plaintiff's requested rates are unreasonable insofar as their rates exceed the purported range of prevailing rates in the Tallahassee market. Defendant's implication that rates generally should not exceed $450 an hour irrespective of the experience, reputation, and ability of the attorneys involved, and the character of the case at issue, among other factors, flies in the face of the analysis this Court must perform pursuant to binding Eleventh Circuit precedent. Likewise, Defendant's expert simply fails to give appropriate consideration to the fact-intensive nature of determining a reasonable rate given all the pertinent factors. *See Norman*, 836 F. 2d at 1299 ("The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.").

Of course, this Court can rely upon its own knowledge of the prevailing market rates in Tallahassee in determining whether Plaintiff has met its burden to

demonstrate the reasonableness of its requested rates.[2] But that does not mean this Court can use its own knowledge to rewrite the parties' arguments for them. It is Plaintiff's burden to demonstrate the reasonableness of the requested rates. Here, Plaintiff's expert identifies a purported range of rates that are typically charged in the Tallahassee market—$275 an hour to $500 an hour—and then attempts to justify an award of rates in excess of that purported range by focusing on the risk associated with taking on a First Amendment case. As noted above, this Court has rejected that rationale to support Plaintiff's requested rates in excess of the purported range, given the relatively straightforward nature of the claim upon which Plaintiff prevailed. Having rejected Plaintiff's basis for exceeding the purported range of rates typically charged in Tallahassee, this Court will not invent some other rationale to justify awarding the rates Plaintiff has requested. Inasmuch as Plaintiff has not demonstrated the reasonableness of their requested upward departure for rates, this Court is left to operate within the purported range of prevailing market rates in Tallahassee that the parties have put forward—roughly $250 to $500 an hour, depending on the type of case, the experience of the attorney, and the complexity of

---

[2] To be clear, I and my colleagues in the Tallahassee Division of the Northern District of Florida have routinely awarded attorneys' fees in complex civil rights litigation that were well above the $500 an hour that Plaintiff asserts represents the higher end of the purported ordinary range of rates charged in the Tallahassee market. Accordingly, this Court draws on its own knowledge and experience with awarding reasonable fees in civil rights cases such as this one, while also considering the *Norman* factors to determine the reasonableness of Plaintiff's fee request.

the work involved. Given the range of rates the parties agree is customary in this market, Plaintiff's requested rates require further adjustment as set out below.

To start, although this has rejected Plaintiff's rationale to justify an upward adjustment to the parties' purported range of prevailing rates in Tallahassee, Plaintiff has demonstrated that its highest billers (with respect to hourly rate) are attorneys with vast experience and skill and are highly respected in their field. *See, e.g.*, ECF Nos. 332-1, 332-2, and 332-3. Given their breadth and depth of knowledge and excellent reputations, and based on this Court's own knowledge and expertise with respect to attorneys' fees in the Tallahassee market, I find a rate in the upper end of the range to be appropriate—namely a rate of $500 an hour for each of Plaintiff's senior most counsel appropriately takes into consideration the pertinent factors and would fairly compensate Mr. Devaney, Ms. Abudu, and Ms. Dandeneau for the work they each performed in this case.[3]

Next, this Court considers Plaintiff's lowest billers (with respect to hourly rate)—namely, those attorneys with one- or two-years' experience and whose rates are more appropriately reduced to the lower end of the agreed-upon range. In this case, Plaintiff employed four attorneys whose experience is limited to roughly one

---

[3] This Court need not address Mr. Ivan Morales's requested hourly rate of $650 an hour given that Plaintiff is not requesting fees for any of his time. *See* ECF No. 332 at 21 (noting that after exercising billing judgment, Plaintiff has eliminated any time that Mr. Morales billed on this case).

to two years of experience, but who have requested rates ranging from $300 on the low end to $400 on the higher end. Based on the parties' agreement that prevailing rates generally start at around $250 for the least experienced attorneys in the Tallahassee market, and based on this Court's own knowledge and expertise with respect to rates charged in the Tallahassee market, I find a rate of $250 an hour for each of these four attorneys fairly compensates them while also takes into consideration their relative lack of experience and the fairly straightforward nature of the claims upon which they prevailed. Accordingly, Peter Shapiro, Roberta Turner, Nicholas O'Brien, and Marino Pino are entitled to a reduced rate of $250 an hour for their work performed in this case.

Next, this Court turns to Plaintiff's attorneys with roughly three to four years of experience—namely, Cecilia Aguilera ("3+" years), Brendan O'Callaghan ("3+" years), Carlton Tarpley ("3+" years), and Emma Bellamy ("4+" years). *See* ECF No. 332 at 17. These attorneys are all either associates at Baker and McKenzie or counsel with the Fair Elections Center, and they request rates ranging from $400 an hour to $450 an hour—which are already on the higher end of the range the parties have generally agreed to before any upward adjustment. Of course, if the Plaintiff's highest billers with the most specialized experience and responsibility in this case are awarded rates of only $500 an hour, surely these lesser experienced attorneys with far less specialized skill and responsibility are not entitled to a rate that is only

just below what senior counsel is entitled to. Accordingly, based on this Court's own knowledge and expertise with respect to attorneys' fees in the Tallahassee market, and taking into consideration these attorneys' limited experience and the fairly straightforward nature of the claims upon which they prevailed, I find a rate of $300 an hour would fairly compensate Ms. Aguilera, Mr. O'Callaghan, and Mr. Tarpley, and a rate of $350 an hour would fairly compensate Ms. Bellamy, for the work they each performed in this case.

This Court has also considered the rates requested by counsel with more than ten, twelve, and thirteen years of experience, respectively. To start, Nicole Ford is a partner at Baker and McKenzie with over ten years of experience. ECF No. 332 at 17.  She has requested an hourly rate of $500—equivalent to the rate this Court has found reasonable for Plaintiff's senior-most counsel. Given the work performed in this case, the relatively straightforward nature of the claims, Ms. Ford's decade of experience, and this Court's own knowledge and expertise with respect to prevailing rates in the Tallahassee market, I find a rate of $450 an hour would fairly compensate Ms. Ford for the work she performed in this case. Accordingly, her requested rate is reduced to $450 an hour.

Attorneys Jennifer Dontos, Susan Keeler, Caren Short, and Michelle Kanter Cohen each have over twelve years of experience. *See* ECF No. 332 at 17–18. Ms. Dontos and Ms. Keeler are associates at Baker and McKenzie. Ms. Short is the senior

10

supervising attorney at the Southern Poverty Law Center. And Ms. Kanter Cohen is the policy director and senior counsel at the Fair Elections Center. They request hourly rates of $525 to $550 an hour—exceeding the highest rates already awarded to the most senior counsel in this case. Accordingly, in light of their experience, the relatively straightforward nature of the prevailing claim, and this Court's own knowledge and expertise with respect to prevailing rates in the Tallahassee market, I find a rate of $475 an hour fairly compensates Ms. Dontos, Ms. Keeler, Ms. Short, and Ms. Kanter Cohen for their work performed in this case. Accordingly, these attorneys' rates are reduced to $475 an hour.

Finally, this Court also finds the paralegals' requested rates ranging from $175 to $200 an hour to be unreasonably high. Given this Court's knowledge and expertise regarding prevailing rates in the Tallahassee market, I find that a rate of $150 an hour fairly compensates Ben Flint and Kenneth Hunter for their work as seasoned paralegals (with twelve and fifteen years of experience, respectively) on this case. Likewise, for the same reason, I find a rate of $175 an hour fairly compensates Lori Seavey for her work as a seasoned paralegal (with over twenty-five years of experience) on this case. Finally, this Court finds that Nadav Flax's requested hourly rate of $125 an hour to be reasonable and makes no further adjustments to it.[4]

---

[4] This Court need not address Mr. John Pantin's requested hourly rate of $200 an hour as a paralegal given that Plaintiff is not requesting fees for any of his time. *See* ECF No. 332 at 21

Next, this Court determines how many hours Plaintiff's counsel reasonably expended during this litigation.

## B. Numbers of Hours Reasonably Expended

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. A fee applicant must exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary [hours]." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

When a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350–51 (11th Cir. 2008). The Eleventh Circuit has "recognized that in cases 'where fee documentation is voluminous,' it will not be feasible to require a court to

---

(noting that after exercising billing judgment, Plaintiff has eliminated any time that Mr. Pantin billed on this case).

'engage in such a precise [hour-by-hour] review.' " *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)) (finding 569.3 hours to be sufficiently voluminous that no hour-by-hour analysis was required). Accordingly, given the voluminous records in support of Plaintiff's fee request, this Court will do rough justice by performing across-the-board reductions where necessary.

Plaintiff's attorneys expended well over 3,000 hours litigating this case. *See* ECF No. 332 at 20. However, Plaintiff's fee request accounts for only 1,873.93 hours of attorney time, after exercising billing judgment in reducing the hours sought by nearly half. *Id*. Multiplied by the hourly rates that this Court has determined are reasonable yields an adjusted lodestar of $664,036.51 for nearly 1,900 hours of work.

In response, Defendant argues that the requested time, even after the asserted exercise in billing judgment, is unreasonable.[5] Defendant points to its fee expert's declaration in support of the argument that

> too many Plaintiffs' attorneys worked on this case, the compelled-speech issue is discrete and involved little facts, Plaintiffs' discovery to the Secretary had little to do with the compelled-speech issue, Plaintiffs' trial participation was limited, and given the attorneys' specialization in voting-rights cases, their familiarity with voting-rights law should have greatly reduced the hours sought in this case.

---

[5] This Court is unpersuaded by Defendant's alternative argument as to reasonableness of hours, which is just a repackaged argument challenging Plaintiff's entitlement to fees as prevailing parties.

ECF No. 337 at 10. This Court agrees.

By any measure, employing over 20 attorneys and paralegals for almost 1,900 hours to litigate the discrete issues concerning the compelled-speech claim is unreasonable. Notwithstanding Plaintiff's fee expert's generalized opinion that the amount of time spent on this case is reasonable, *see* ECF No. 332-4 at 9, this Court is persuaded, both based on its own expertise in assessing reasonable fees and by Defendant's fee expert's recommendation, that an additional 65% reduction is warranted to account for the excessive number of hours Plaintiffs have requested. Accordingly, this Court imposes an across-the-board reduction of 65% to Plaintiff's requested hours for a total number of hours reasonably expended in this litigation of 655.88. Multiplied by the attorneys' reasonable hourly rates yields a lodestar of **$232,412.78**.[6]

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's motion to determine amount of fees, ECF No. 332, is **GRANTED in part and DENIED in part.**

2. Plaintiff is entitled to **$232,412.78** in attorneys' fees.

---

[6] Defendants do not seek a further reduction based on results obtained, and this Court is satisfied that this sum accurately reflects a reasonable fee request based on the results obtained in this case.

3.  The Clerk shall enter a fee judgment stating, "Plaintiff is entitled to judgment against Defendants in the amount of $232,412.78 in attorneys' fees, for which sum let execution rest."

4.  The Clerk shall close the file.

    **SO ORDERED on February 5, 2025.**

                    **s/Mark E. Walker**
                    **Chief United States District Judge**

15