UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| HARRIET TUBMAN FREEDOM FIGHTERS, CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> CORD BYRD, in his official capacity as Florida Secretary of State, et al., <br><br> *Defendants*, <br><br> and <br><br> REPUBLICAN NATIONAL COMMITTEE, and NATIONAL REPUBLICAN SENATORIAL COMMITTEE, <br><br> *Intervenor-Defendants*. | Case No.: 4:21-cv-242-MW/MAF <br><br> Consolidated for trial with Case Nos. 4:21-cv-186, 4:21-cv-187, and 4:21-cv-201 |

**PLAINTIFF HARRIET TUBMAN FREEDOM FIGHTERS'
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
<u>FOR DETERMINATION ON BILL OF COSTS</u>**

Pursuant to this Court's Order Denying Motion and Setting Response Deadlines (ECF No. 349), Plaintiff Harriet Tubman Freedom Fighters ("HTFF" or "Plaintiff") respectfully submits this memorandum of law in support of its Motion for Determination on Bill of Costs (ECF No. 348) to demonstrate the reasonableness of requested deposition and transcript costs. Pursuant to 28 U.S.C. § 1920, Fed. R.

Civ. P. 54(d), and Local Rule 54.2(A), HTFF requests that the Clerk tax costs in favor of HTFF as the prevailing party. In support of its Motion, HTFF states as follows:

## BACKGROUND

This Court entered judgment against Defendants on March 31, 2022, holding that the Registration Disclaimer Provision, the only provision of SB 90 that HTFF challenged in court, was unconstitutional compelled speech. ECF No. 262.

On April 13, 2022, consistent with N.D. Fla. Loc. R. 54.2, Plaintiff filed a bill of costs. ECF No. 268. The bill of costs included $402.00 in filing fees for the initial complaint and $12,755.23 for depositions and transcripts related to the preparation for and briefing following a consolidated bench trial in late January and early February 2022. *Id*. Before Defendants' deadline to file objections to the bill of costs elapsed, *see* N.D. Fla. Loc. R. 54.2(A), this Court stayed consideration of the issue until the appeal was resolved. ECF No. 274. In addition, this Court deferred ruling on and terminated HTFF's initial Motion for Entitlement to Attorneys' Fees (ECF No. 270), indicating it would re-gavel the motion pending final resolution of the appeal. ECF No. 272.

After the appeal was resolved in late 2023, HTFF filed a Renewed Motion for Entitlement to Attorneys' Fees on February 22, 2024, in which it also asked the Court to lift the abeyance of its bill of costs. ECF No. 321 at 14. HTFF reiterated the

request to lift the abeyance of its bill of costs in its Reply in Support of Its Renewed Motion for Entitlement to Attorneys' Fees. ECF No. 326 at 4.

On May 23, 2024, this Court recognized Harriet Tubman Freedom Fighters as the prevailing party in this action and ruled it was entitled to an award of its reasonable attorneys' fees and costs. ECF No. 327. In the Court's ruling, it stated, "this Court will no longer hold Plaintiff's bill of costs, ECF No. 268, in abeyance," and noted, "Defendants shall file a response in opposition, if any, within fourteen days pursuant to Local Rule 54.2(A)." *Id.* at 6–7. Defendants filed an opposition to the determination of fees (ECF No. 337), but did not file an opposition under Local Rule 54.2(A) as related to taxation of costs within the fourteen days or otherwise.

Following full briefing as to the amount of attorneys' fees to which HTFF was entitled, this Court entered an order on February 5, 2025, awarding Plaintiff $232,412.78 in attorneys' fees. ECF No. 344. It did not address HTFF's bill of costs (ECF No. 268), so counsel for Plaintiff conferred with counsel for Defendants on February 21, 2025, to inquire into their position on filing a request for the Court to rule on the bill of costs, which they did not oppose. Subsequently, Plaintiff filed its Motion for Determination on Bill of Costs on February 26, 2025. ECF No. 348.

On February 27, 2025, this Court entered an order denying Plaintiff's motion (ECF No. 348) as premature, but allowing Plaintiff to file a memorandum in support of its bill of costs on or before March 13, 2025, and allowing Defendants to file any

3

objections on or before March 27, 2025. ECF No. 349.

## ARGUMENT

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a strong presumption in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). 28 U.S.C. § 1920 governs what costs may be included, including "fees of the clerk and marshal" and "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. *See also Johnson v. Mortham*, 950 F. Supp. 1117, 1126 (N.D. Fla. 1996), *on reconsideration in part*, 173 F.R.D. 313 (N.D. Fla. 1997) ("An award of attorney's fees under section 1988 also includes various costs and expenses, over and above those outlined in [28 U.S.C. § 1920], the general statute for taxation of costs.").

As a prevailing party under § 1988, HTFF is entitled to recover taxable costs. Fed. R. Civ. P. 54(d)(1). Consistent with this Court's Rules, HTFF previously submitted evidence documenting their taxable costs incurred in bringing this action (ECF No. 268) and filed a Motion for Determination on Bill of Costs (ECF No. 348). HTFF reasonably sought costs for the transcription of only five depositions despite the more than twenty taken in the case, the trial transcripts, and the filing fee for the initial complaint. Specifically, HTFF seeks transcript costs for its client

4

representative who was also its trial witness and whom Defendants chose to depose twice, Rosemary McCoy, as well as transcripts for the 30(b)(6) witnesses of the state Defendants in its case, the Florida Secretary of State (Matthews) and the Attorney General (Guzzo). Additionally, HTFF requested the transcript for a single rebuttal expert whose opinions related to third-party voter registration organizations, including the disclaimer provision, *see* Case No. 4:21-cv-186, ECF No. 634-5 at 26–29, and who was questioned by HTFF's counsel at deposition. Finally, HTFF requests costs of the trial transcripts which were necessary for its post-trial briefing focused on the registration disclaimer requirement. Case No. 4:21-cv-186, ECF No. 650.

WHEREFORE, Plaintiff Harriet Tubman Freedom Fighters, as the prevailing party in this litigation, respectfully requests the Court tax costs in the amount of $13,157.23.

Dated: March 13, 2025                Respectfully submitted,

*/s/ Michelle E. Kanter Cohen*
Michelle E. Kanter Cohen*
Jon Sherman*
Fair Elections Center
1825 K Street NW, Suite 701
Washington, DC 20006
Main: (202) 331-0114
mkantercohen@fairelectionscenter.org
jsherman@fairelectionscenter.org

5

*/s/ Matletha Bennette*
Matletha Bennette (Fla. Bar No. 1003257)
Southern Poverty Law Center
P.O. Box 10788
Tallahassee, FL 32302-2788
matletha.bennette@splcenter.org

Debra A. Dandeneau (Fla. Bar No. 0978360)
William H. Devaney*
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626-4100
debra.dandeneau@bakermckenzie.com
william.devaney@bakermckenzie.com

*Attorneys for Plaintiff*
*Admitted Pro Hac Vice

## LOCAL RULES CERTIFICATION

Undersigned counsel certifies that this memorandum contains 965 words, excluding the case style, signature blocks, Local Rules certification, and certificate of service.

/s/ Michelle E. Kanter Cohen
Michelle E. Kanter Cohen

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive notifications.

/s/ Michelle E. Kanter Cohen
Michelle E. Kanter Cohen

*Counsel for Plaintiff*